# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: John and Deborah Frost | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Bayview Loan Servicing | ) | |
| 4425 Ponce de Leon Blvd. | ) | |
| 5th Floor | ) | |
| Coral Gables, FL 33146 | ) | |
| | ) | |
| Defendant | ) | |

Now come Plaintiffs, by and through their attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiffs, John and Deborah Frost, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Bayview Loan Servicing. Plaintiffs allege violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

4. The FDCPA requires certain disclosures be made by the Debt Collector to

the Debtor during the initial communications. 15 U.S.C. Section 1692g

5. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiffs, John and Deborah Frost (hereinafter "Plaintiffs") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
9. Unless otherwise stated herein, the term "Defendant" shall refer to Bayview Loan Servicing.
10. While Plaintiffs were in Default of the financial obligation to original creditor, the original creditor transferred the debt to the Defendant, making Defendant a "debt collector" within the meaning of 11 U.S.C. Section 1692a(6).
11. Plaintiffs are residents of the State of Illinois.

12. Defendant, is a Florida business entity with an address of 4425 Ponce De Leon Blvd., Coral Gables, FL 33416, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
13. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $222,479.63 (the "Debt") to an original creditor (the "Creditor") for a secured mortgage.
15. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
17. On May 16, 2014, Defendant sent a letter to Plaintiff which stated "If the default, together with additional payments that subsequently become due, is not cured by 6/15/2014, BLS (Defendant) will take steps to terminate your ownership in the property by a foreclosure proceeding or **other action to seize the property.**" See Exhibit A
18. Furthermore, at no time during the original communications between Defendant and Plaintiff, did Defendant advise Plaintiff of his rights under 15 U.S.C. Section 1692g(a)
19. On May 22, 2014, Plaintiffs retained Counsel for Bankruptcy.
20. Their Counsel faxed Defendant one fax containing two documents. See Exhibit B
21. Despite the fax, on or about June 5, 2014, Defendant made a collection call to Plaintiffs.
22. In addition to the activity described in paragraph 21, Defendant has sent

numerous collection letters to Plaintiff, after receiving notification that Plaintiff retained Counsel for this matter. See Exhibit C

**Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.
24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT 1-VIOLATIONS OF THE FDCPA

25. Plaintiff incorporates paragraphs 1-24.
26. The Defendant's conduct violated 15 U.S.C. Section 1692g in that Defendant's conduct did not provide the required language found in 1692g(a)(3), (4), (5), also known as the "mini-Miranda" language.
27. The Defendant's conduct violated 15 U.S.C. Section 1692c in that Defendant knew that Plaintiff had an Attorney representing them for the Bankruptcy process when it contacted Plaintiffs after May 22, 2014.
28. The Defendant's conduct violated 15 U.S.C. Section 1692e in that the Defendant used false, deceptive, or misleading representation or means in connection with the collection of any debt.
28. The Defendants' conduct violated 15 U.S.C. Section 1692f in that Defendants used unfair and unconscionable means to collect a debt.
29. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT 2-VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT

30. The Plaintiff incorporates paragraphs 1-29.
31. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that the Debt Collector engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.
32. The Defendant's conduct violated 225 ILCS 425/9(a)(30) in that the Debtor

Collector contacted the Plaintiff despite actual knowledge that they were represented by Counsel for this debt.

33. The Defendant's conduct violated 225 ILCS 425/9(a)(20) in that the Debt Collector attempted and/or threatened to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

34. The Defendant's conduct violated 225 ILCS 425/9.3(a)(3), (4) and (5), by failing to advise Plaintiff of his rights contained in this Code Section.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff demands the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. Section 1692(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to Section 1692(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. Section 1692k(a)(3); and

    Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff